**YAN ZHEN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–75625.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2007 *.

Filed June 12, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Liu Yu, Law Office of Liu Yu, New York, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John F. Gisla, Esq., USSAC–Office of The U.S. Attorney, Sacramento, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Yan Zen Chen, a native and citizen of China, petitions for review from the affirmance by the Board of Immigration Appeals (BIA) of the decision of an Immigration Judge (IJ) finding her not credible and denying her application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1252(a), and we review for substantial evidence. *See Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007) (credibility determination must be upheld unless evidence compels a contrary result).

The IJ identified at least two inconsistencies in Chen's testimony that go to the heart of her claim of religious persecution. First, Chen did not mention at her asylum interview that she practiced Falun Gong. Second, in her asylum interview Chen did not mention her father's arrest and his subsequent release after he signed a statement that he would no longer practice Falun Gong. These are not minor inconsistencies. They are major omissions that go to the heart of Chen's claim, and even one such supported ground for disbelief would constitute substantial evidence. *See Singh v. Gonzales,* 439 F.3d 1100, 1108 (9th Cir.2006). Although Chen argues that the asylum interview notes were inadmissible as hearsay, she did not raise this issue to the IJ or the BIA and so we do not have jurisdiction to review it. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (court cannot reach merits of legal claim not presented in administrative proceedings).

Because Chen failed to establish her eligibility for asylum, she necessarily failed to meet the more stringent require-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ments for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006). She does not argue in this petition for review the denial of her claim under the Convention Against Torture, and therefore we do not address it.

PETITION FOR REVIEW DENIED.